UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MR. ELLIS BROADWAY, JR.,

          Plaintiff,

-against-

JOHNSON & JOHNSON COMPANY;
GLAXOSMITHKLINE PHARMACEUTICAL
U.S.A./U.K.; FOUNDATION PARK;
BERKSHIRE; MCNEIL PRODUCTS
LIMITED; ROXBOROUGH WAY;
MAIDENHEAD,

          Defendants.

18-CV-9703 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff brings this action *pro se*. He alleges that between 2001 and 2005, he submitted to Defendants his idea for a nicotine mouth spray or lozenge to assist with smoking cessation, and that Defendants have manufactured and sold these products without compensating him.[1] By order dated October 31, 2018, the Court held that Plaintiff failed to state a federal claim for patent infringement because he alleged that he did not hold a patent. The Court granted Plaintiff leave to plead facts showing diversity of citizenship or another basis for exercising subject matter jurisdiction over his state law claims and to include any facts showing equitable tolling of the limitations period.

    On November 16, 2018, Plaintiff filed an amended complaint. For the reasons set forth below, the Court dismisses Plaintiff's amended complaint.

---

[1] By order dated October 23, 2018, the Court granted Plaintiff's request to proceed *in forma pauperis*.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

The following allegations are from Plaintiff's amended complaint. While Plaintiff was incarcerated in Westchester County Jail in 2000, smoking was not allowed in the facility, and he suffered nicotine withdrawal. (Am. Compl. at 14.) Plaintiff had the idea for the "Broadway Nicotine 'Oral Mist' Mouth Spray Formula and Devices." (*Id.*) Plaintiff "notarized [his] formula and buil[t] [his] research data" and "drew up a disclosureship agreement contract [and] had everything . . . reviewed." (*Id.* at 15.) In early 2001, Plaintiff mailed the "disclosureship documentation alon[g] with [his formula, drawings research [and] data" to the new ideas submissions department of Johnson & Johnson and McNeil Consumer Healthcare Pharmaceutical Company. (*Id.* at 15.)

In response, Plaintiff received letters from both companies that "declined interest." (*Id.* at 7.) In February 2001, Plaintiff called McNeil Consumer Healthcare at "the telephone number on [the] letter and discuss[ed] [his] idea and gave them a new[ ] idea, yet [they] state[d] that neither

idea was . . . of interest." (*Id.* at 7-8.) Forty days later, McNeil Consumer Healthcare filed for a patent in the United Kingdom for Nicorette quick mist and lozenges, without any disclosure of Plaintiff's involvement. (*Id.*)

Several years later, in 2004, Plaintiff filed a "provisional patent application" for the "Broadway Nicotine Candy." (*Id.*) Plaintiff also applied for a "utility[y] patent number in 2004, 2007, 2008" and seeks to "reserve [the] right to investigat[e the] reason [his] patent . . [was] not issued and communication stonewall[ed] after [he] pa[i]d [the] filing fee." (*Id.* at 10.) He suggests that there is a "possible conspiracy" and that the U.S. Patent Office "never answered" his inquiries. (*Id.*)

Plaintiff details the efforts that he has made to document his communications regarding these ideas. Plaintiff indicates that Mrs. Steward, the civilian law library clerk at Westchester County Jail, notarized his 2001 disclosure of his idea before he sent it to Johnson & Johnson, and that mail records are available from the jail's log books. Moreover, Dr. Smith, who was Plaintiff's "mental health doctor" at Sing Sing Correctional Facility from 2001 to 2005, has copies of Plaintiff's submissions in his treatment files. More recently, the C.O.R.E. Program's "mental health coor[di]nator for home release program outside managers has complete[ ] files for safekeeping [which] aided [him] in [his] disab[ility] stableness." (*Id.* at 9.) Plaintiff has also corresponded with "about 20 companies" about entering into development agreements, and he has maintained this correspondence, as well as letters from the Magic Johnson Foundation and Donald Trump Organization in his files. (*Id.* at 13.)

Plaintiff names the following defendants: Johnson & Johnson, GlaxoSmithKline (GSK) Pharmaceutical U.S.A./U.K., "Foundation Park," "Berkshire," "McNeil Products Limited," "Roxborough Way," and "Maidenhead."

3

Plaintiff has also filed a motion to request *pro bono* counsel (ECF No. 5), a supplementary appendix (ECF No. 6), and a letter (ECF No. 7), explaining that he has lost relevant files due to his incarceration and seeks to access submissions made in his earlier, now-closed action, *Broadway v. Johnson & Johnson*, No. 12-CV-7627 (LAP) (S.D.N.Y. Nov. 10, 2012) (dismissed without prejudice to refiling because plaintiff was barred under 28 U.S.C. § 1915(g) from proceeding IFP as a prisoner), *leave to reopen denied* (S.D.N.Y. Jan. 6, 2014).[2] Plaintiff also submitted a letter inquiring about the receipt of his documents (ECF No. 8), and a letter noting that his amended complaint includes "correspondence [and a] business plan." (ECF No. 9).[3]

**DISCUSSION**

State courts have general jurisdiction, but the subject matter jurisdiction of the federal district courts is limited. Jurisdiction is available in federal court only when a "federal question" is presented, 28 U.S.C. §§ 1331, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, 28 U.S.C. § 1332. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under

---

[2] At this stage, Plaintiff is not required to submit evidence or provide evidentiary proof of his claims. The Court considers at this point whether, assuming Plaintiff's facts are true, he states a claim on which relief can be granted.

[3] In addition, Plaintiff filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure requesting leave to "re-amend his complaint" (ECF No. 10), and a letter asking the Court to "disregard his Rule 60(b) motion" because he misunderstood the Court's docket to mean that his action had been dismissed (ECF No. 11).

federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

### A. Federal Question Jurisdiction

Plaintiff invokes the Court's federal question jurisdiction and states in his amended complaint that this action involves the following:

> [A] conspiracy to steal idea/invention after disclosureship to defendant new idea submission department, fraud, conspiracy, unjustly enrichments, business law, disclosureship law, mental health law, patent right [and] contract agreement law.

(Am. Compl. at 2.) Plaintiff does not check the box on the Court's form complaint to indicate that he brings this action under the Court's diversity jurisdiction, and he does not plead any facts in the amended complaint regarding Defendants' citizenship for purposes of 28 U.S.C. § 1332. The Court therefore construes Plaintiff's amended complaint as asserting a claim for patent infringement arising under the Court's federal question jurisdiction and asserting related state law claims for misappropriation of ideas, breach of an implied contract and other claims.

Standing to sue for patent infringement derives from the Patent Act, which provides that "[a] patentee shall have remedy by civil action for infringement of his patent." *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1376-77 (Fed. Cir. 2000) (citing 35 U.S.C. § 281).[4] The

---

[4] As set forth in the Court's prior order, an inventor has a common law right "to make, use and sell his or her invention, absent conflicting patent rights in others." *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1578 (Fed. Cir. 1991). A patent "enlarges the natural right, adding to it the right to exclude others from making, using or selling the patented invention." *Id.* "[O]wnership only of the invention gives no right to exclude, which is obtained only from the patent grant." *Id.* at 1578-79.

statute defines "patentee" to include the party to whom the patent was issued and the successors in title to the patent. 35 U.S.C. § 100(d). A plaintiff who lacks "enforceable title to [a] patent at the inception of [his] lawsuit" does not have an exclusionary right; such a plaintiff does not suffer an "injury in fact," and is thus unable to meet his burden to show that he has Article III standing to pursue his claim. *Abraxis Bioscience, Inc. v. Navinta, LLC*, 625 F.3d 1359, 1363 (Fed. Cir. 2010). "And if the plaintiff lacks standing, federal courts lack subject matter jurisdiction to adjudicate his [patent] claim." *Advanced Video Techs., LLC v. HTC Corp.*, 103 F. Supp. 3d 409, 416 (S.D.N.Y. 2015), *aff'd*, 677 F. App'x 684 (Fed. Cir. 2017); P*rima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1382 (Fed. Cir. 2000) (holding that because plaintiffs did not hold patent rights, "the district court erred in not dismissing this suit for lack of standing").

Because Plaintiff alleges in the amended complaint that he has not been issued a patent (Am. Compl. at 10), he lacks standing to sue under the Patent Act. The Court therefore dismisses Plaintiff's patent infringement action for lack of standing. Moreover, it would be futile to grant Plaintiff another opportunity to amend his complaint to replead this claim.

**B.      Diversity Jurisdiction**

To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

The Court has already granted Plaintiff leave to amend his complaint to plead facts showing diversity jurisdiction over this action under 28 U.S.C. § 1332. In his amended complaint, Plaintiff has not pled facts about the citizenship of any of the entities named as

defendants in this action. Plaintiff thus has not met his burden of demonstrating the existence of diversity jurisdiction over this matter, despite the Court's having granted him leave to replead in order to do so.[5] The Court therefore lacks subject matter jurisdiction over this action. *See* Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses Plaintiff's amended complaint for lack of subject matter jurisdiction.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 17, 2019
         New York, New York

                                                    _____
                                                            Louis L. Stanton
                                                               U.S.D.J.

---

[5] Plaintiff has also not pled any facts showing equitable tolling of the limitations period for his state law claims for misappropriation of ideas or breach of an implied contract, which arose between 2001- 2005.

7